

(Evidentiary hearing Requested)

# PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY

Name **VARELAS        JOSE        L**
        (Last)           (First)      (Initial)

Prisoner Number **F-11094**

Institutional Address **P.O BOX 3476, COCORAN CA, 93212**
**CORCORAN STATE PRISON**

---

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

**Jose Luis Varelas**
(Enter the full name of plaintiff in this action.)

vs.

**Derryl Adams**
**warden CSP Cocoran**

(Enter the full name of respondent(s) or jailor in this action)

Case No. **CV 08 3505 JF (PR)**
(To be provided by the clerk of court)

**PETITION FOR A WRIT OF HABEAS CORPUS**

---

Read Comments Carefully Before Filling In

**When and Where to File**

You should file in the Northern District if you were convicted and sentenced in one of these counties: Alameda, Contra Costa, Del Norte, Humboldt, Lake, Marin, Mendocino, Monterey, Napa, San Benito, Santa Clara, Santa Cruz, San Francisco, San Mateo and Sonoma. You should also file in this district if you are challenging the manner in which your sentence is being executed, such as loss of good time credits, and you are confined in one of these counties. Habeas L.R. 2254-3(a).

If you are challenging your conviction or sentence and you were not convicted and sentenced in one of the above-named fifteen counties, your petition will likely be transferred to the United States District Court for the district in which the state court that convicted and sentenced you is located. If you are challenging the execution of your sentence and you are not in prison in one of these counties, your petition will likely be transferred to the district court for the district that includes the institution where you are confined. Habeas L.R. 2254-3(b).

PET. FOR WRIT OF HAB. CORPUS         - 1 -

Who to Name as Respondent

You must name the person in whose actual custody you are. This usually means the Warden or jailor. Do not name the State of California, a city, a county or the superior court of the county in which you are imprisoned or by whom you were convicted and sentenced. These are not proper respondents.

If you are not presently in custody pursuant to the state judgment against which you seek relief but may be subject to such custody in the future (e.g., detainers), you must name the person in whose custody you are now and the Attorney General of the state in which the judgment you seek to attack was entered.

A. INFORMATION ABOUT YOUR CONVICTION AND SENTENCE

1. What sentence are you challenging in this petition?

    (a)    Name and location of court that imposed sentence (for example; Alameda County Superior Court, Oakland):

Santa Clara County Superior Court      San Jose

Court                                  Location

    (b)    Case number, if known __No. 210932__

    (c)    Date and terms of sentence __52 yrs. to Life__

    (d)    Are you now in custody serving this term? (Custody means being in jail, on parole or probation, etc.)      Yes __X__    No ____

Where?

Name of Institution: __Cocoran State Prison__

Address: __P.O Box 3476 - Cocoran, CA. 93212__

2. For what crime were you given this sentence? (If your petition challenges a sentence for more than one crime, list each crime separately using Penal Code numbers if known. If you are challenging more than one sentence, you should file a different petition for each sentence.)

2 counts of Felony infliction of corporal injury/mother of child (Pen.code. 2735 subs (a) & (E) 2 mis. false imprisonment (§236, 237) 1 mis. violating a protective order (273.6(a)) enhancement allegations prior Domestic violence & was on Bail

PET. FOR WRIT OF HAB. CORPUS      - 2 -

3. Did you have any of the following?

    Arraignment:                                 Yes __X__    No ____

    Preliminary Hearing:                 Yes __X__    No ____

    Motion to Suppress:                Yes ____    No __X__

4. How did you plead?

    Guilty ____    Not Guilty __X__    Nolo Contendere ____

    Any other plea (specify) _____

5. If you went to trial, what kind of trial did you have?

    Jury __X__    Judge alone ____    Judge alone on a transcript ____

6. Did you testify at your trial?            Yes ____    No __X__

7. Did you have an attorney at the following proceedings:

    (a)    Arraignment                          Yes __X__    No ____

    (b)    Preliminary hearing                Yes __X__    No ____

    (c)    Time of plea                          Yes __X__    No ____

    (d)    Trial                                      Yes __X__    No ____

    (e)    Sentencing                           Yes __X__    No ____

    (f)    Appeal                                   Yes __X__    No ____

    (g)    Other post-conviction proceeding    Yes ____    No ____

8. Did you appeal your conviction?           Yes __X__    No ____

    (a)    If you did, to what court(s) did you appeal?

            Court of Appeal                     Yes __X__    No ____

            Year: __2005-07__    Result: __Affirmed the Judgement__

            Supreme Court of California       Yes __X__    No ____

            Year: __2007__    Result: __Petition for review Denied__

            Any other court                     Yes ____    No __X__

            Year: _____    Result: _____

    (b)    If you appealed, were the grounds the same as those that you are raising in this

```
 1                          a._____
 2                          b._____
 3                          c._____
 4                          d._____
 5                          Result: _____ Date of Result:_____
 6         III.  Name of Court: _____
 7               Type of Proceeding: _____
 8               Grounds raised (Be brief but specific):
 9                          a._____
10                          b._____
11                          c._____
12                          d._____
13                          Result: _____ Date of Result:_____
14         IV.  Name of Court: _____
15               Type of Proceeding: _____
16               Grounds raised (Be brief but specific):
17                          a._____
18                          b._____
19                          c._____
20                          d._____
21                          Result: _____ Date of Result:_____
22    (b)   Is any petition, appeal or other post-conviction proceeding now pending in any court?
23                                                  Yes _____    No _X_
24          Name and location of court: _____
```

B. GROUNDS FOR RELIEF

State briefly every reason that you believe you are being confined unlawfully. Give facts to support each claim. For example, what legal right or privilege were you denied? What happened? Who made the error? Avoid legal arguments with numerous case citations. Attach extra paper if you

PET. FOR WRIT OF HAB. CORPUS                       - 5 -

1  need more space. Answer the same questions for each claim.

2  [Note: You must present ALL your claims in your first federal habeas petition. Subsequent

3  petitions may be dismissed without review on the merits. 28 U.S.C. §§ 2244(b); McCleskey v. Zant,

4  499 U.S. 467, 111 S. Ct. 1454, 113 L. Ed. 2d 517 (1991).]

5  Claim One: Appellants Constitutional rights were violated by the

6  trial courts refusal to Dismiss Juror no. 10

7  Supporting Facts: During voire dire of the prospective Jurors, The charges

8  were read. The trial court asked the Jurors regarding domestic abuse

9  in their families. Juror no. 10 remained silent regarding domestic abuse.

10  Two days later, after the Jury was sworn, and midway through (cont: pg 8)

11  Claim Two: It was prejudicial error when the prosecution was

12  permitted to introduce expert evidence regarding Battered women Syndrome.

13  Supporting Facts: The prosecution sought to introduce expert evidence

14  regarding Battered women's Syndrome ("BWS") (2ct 451-456) such

15  evidence is admissable pursuant to Evidence code section 1107.

16  Appellant Objected on the ground it was irrelevant and prejudicial (cont: pg 9-11)

17  Claim Three: It was prejudicial error to deny Appellants request to present

18  evidence regarding Victims Section 5150 hold and psychiatric problems

19  Supporting Facts: Vanessa Ruiz was the dispositive witness against appellant

20  In order to attack her credibility, defense counsel sought to elicit evidence

21  regarding Vanessa's welfare and institutions code sec. 5150 commitment

22  and undiagnosed mental illness. After a hearing at the bench (2RT 33-35) (cont: pg 11-12)

23  If any of these grounds was not previously presented to any other court, state briefly which

24  grounds were not presented and why:

25  _____

26  _____

27  _____

28

PET. FOR WRIT OF HAB. CORPUS        - 6 -

1  List, by name and citation only, any cases that you think are close factually to yours so that they
2  are an example of the error you believe occurred in your case. Do not discuss the holding or reasoning
3  of these cases:
4  *In re Hutchings, supra, 6 Cal.4th at 111-112, 24 Cal.Rptr.2d* / *People v. McPeters (1992)*
5  *2 Cal.4th 1148, 9 Cal.Rptr.2d 834* / (*People v. Brown (2004) 33 Cal.4th 892, 96 Cal.Rptr.3d 477*
6  *United States v. Lindstrom (11th Cir. 1983) 698 F.2d 1154, 1160* / *People v. Samuels (2005) 36 Cal.4th 96, 30 Cal.Rptr.3d 105*

7  Do you have an attorney for this petition?          Yes ____   No  X

8  If you do, give the name and address of your attorney:

9  _____

10  WHEREFORE, petitioner prays that the Court grant petitioner relief to which s/he may be entitled in
11  this proceeding. I verify under penalty of perjury that the foregoing is true and correct.

12

13  Executed on ___7-1-08___                    _____/s/ Jose Venegas_____
14                  Date                                    Signature of Petitioner

15

20  (Rev. 6/02)

PET. FOR WRIT OF HAB. CORPUS           - 7 -

Claim one: Supporting Facts continued from pg. 6

Vanessa's testimony, Juror No. 10 gave the trial court a note revealing that members of her husbands family had been victims of extreme domestic violence. Her answers during a hearing on the issue established bias and that she could not be fair and impartial. When she was questioned there were pauses between the questions and her answers. Asked wether she could "continue to be fair and serve and be fair and impartial," she replied, "umm, I think I can. But im struggling because it's my husbands mother, my mother-in-law." (4RT 352) She agreed that being fair and impartial "would...be more of a struggle in this kind of case than...a bar fight or something like that." She agreed there would "definitely" "would be a difference in how she would be able to view the evidence in those two different tyes of situations" and conceded she had "been very worried about that." (4RT 353)

Appellant moved to dismiss the juror and to replace her with an alternate. The trial court denied the motion. This erroneous ruling was prejudicial and violated appellants rights to due process and a jury trial under the sixth and fourteenth Amendments and their California counterparts.

Juror No. 10 nondisclosure (wether intentional or inadvertent) prejudiced appellant by adversely affecting his ability to exercise peremptory or for cause challenges. Defense counsel argued; "if she gave those types of answers during jury selection, it would have been close to cause. And definitely, I would have issued a peremptory." (4RT 354-355) As a matter of law, appellant was prejudiced as a result of the nondisclosure.

Further, bias on the part of a juror can be actual or implied. Thus, even if Juror No. 10 did not commit misconduct, the nondisclosure of her family's domestic abuse strongly evinces implied bias sufficient for dismissal under Code of civil procedure Section 229, Subdivision (F) ("The existence of a state of mind in the juror evincing...bias toward either party.") even if Juror No. 10 was not actually or impliedly biased, her responses to the questions established that she could not be fair and impartial.

-8-

Claim Two: Supporting facts continued from pg. 6

(2RT 32-33) The trial court overruled the objection and allowed the prosecutor to introduce the evidence (2RT 33) which he did (5RT 406-441)

The Trial courts ruling was wrong; the evidence that Vanessa was truly a battered woman was equivocal, and not sufficient enough to permit introduction of expert testimony. This evidence was prejudicial to appellant and violated his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments: "Due pocess requires a fair trial in a fair tribunal".

Section 1107 permits the introduction of expert testimony regarding BWS. As subsection (b) provides, the evidence is NOT admissable unless the proper foundation is shown establishing that the evidence is relevant. Relevancy is shown by demonstrating that the victim is, in fact, a battered woman. Given that the defendant is cloaked with the constitutionally-based presumption of innocence, proof that the victim is actually a battered woman "...must be plain, clear and convincing" before expert testimony is relevant. If, arguendo, proof by clear and convincing evidence is not a prerequisite to admission of BWS evidence, it was nevertheless inadmissable here because the evidence was not sufficient to have the jury find the conditional fact--here, domestic abuse involving Vanessa--by a preponderance of the evidence, The evidence was insufficient under either standard to permit introduction of the evidence.

There is no evidence that Vanessa was a battered woman. The March 19, 2003 door-kicking incident was not true--the door was already broken. The Oct 16, 2003 report was false. (see declaration by defendant) Regarding the charged offenses, Ruiz exaggerated the extent of appellants conduct. She instigated the incidents in question and self-inflicted injury. Even if, Arguendo, Ruiz testimony about not being abused was not believable, this disbelief is not evidence of domestic abuse.

Further, there were no witnesses present regarding the March 19 and Oct. 16, 2003 incidents; thus, the prosecutors theory that these incidents

-9-

were the result of domestic abuse is uncorroborated. As a matter of law, because there was no evidence that Vanessa was a battered woman, the BWS evidence was irrelevant and inadmissable. (Evidence Code Sec. 350 ["no evidence is admissable except relevant evidence."])

Even if, arguendo, a sufficient foundation had been laid, admission of the evidence was prejudicial. First, Ferry was a highly qualified expert who testified in detail regarding the supposed "myths" surrounding BWS and about a "cycle of violence." He went into great detail regarding seven broad categories of abuse. The "facts" testified to by Ferry neatly coincided with the prosecutions theory of the case; thus, any reasonable juror, regardless of a limiting or cautionary instruction, would think that, because the expert's testimony regarding BWS matched some of the facts of the case at hand, the defendant must surely be a batterer, and is therefore guilty. The jury would give great weight to the experts testimony, despite the fact that the necessary foundation was absent. Ferry's testimony was authoritative, lengthy and dramatic and thus would be given great weight by the jury.

Second, Ferry's testimony was emphasized by the prosecutor during closing arguments. The prosecutor neatly fit the facts of the instant case into Ferry's description of BWS, mentioned Ferry's seven components of BWS, and explained how each was present. He argued "Richard Ferry also talks about sexual assaults being part of the forms of abusive behavior. It's also present here." The prosecutor argued "...Ferry told you all these things are present in an abusive relationship and all these perceptions that a battered woman might have... And yet a lot of what he said, you see bleeding through this case, even where the victim's up there recanting..." (RT 5/31/05, 55-60) Thus, the Prosecutor urged the jury to find appellant guilty because the alleged facts of the case fit the BWS profile. Obviously, the prosecutors arguement had a great, but prejudicial impact on the jury.

Because the facts of this case precisely fit the facts of the syndrome, the jury would naturally find appellant guilty, despite the cautionary, limiting instruction. (3CT 559; 7RT 687-688) In such a case, respondent cannot "insulate reversal by pointing to a limiting [or cautionary] instruction..." ["Cases may arise in which the risk of prejudice inhering in material put before the jury may be so great that even a limiting instruction will not adequately protect a criminal defendant's constitutional rights."])

Ferry's expert testimony should not have been admitted. Its introduction was prejudicial to appellant and violated his constitutional rights.

Claim Three: Supporting facts continued from page 6
the trial court disallowed any such inquiry (2RT 49-55) This ruling was incorrect. As a result, appellant's rights to due process, a fair trial, confront witnesses against him, to present a defense, and fundamental fairness under the Fifth, Sixth, and Fourteenth Amendments and the California Constitution, article 1, sections 15 and 17 were prejudicially violated.

A defendant in a criminal case has the fundamental constitutional right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. One of the most effective ways of presenting a defense is to cross-examine the prosecution's witness. This is so because cross-examination is "the greatest legal engine ever invented for the discovery of the truth."

The right of confrontation under the Sixth Amendment of the federal Constitution [is] made applicable to the state by the Fourteenth Amendment.

A basic purpose of the right to cross examine adverse witnesses is to attack their credibility. One effective method of doing so is to present evidence of the witnesses' psychiatric problems. As stated in United States v. Lindstrom (11th Cir. 1983) "Certain forms of mental disorder have high

probative value on the issue of credibility... many types of emotional or mental defect may materially affect the accuracy of testimony...

A defendant has a right to present evidence of a witness's psychiatric problems where they may effect her ability to know, comprehend, and relate the truth. Here the jury was never informed regarding the full extent of Vanessa's mental problems

Vanessa was the crucial prosecution witness. She told police, inter alia, that appellant beat her and inflicted injuries. At trial she tried to downplay appellant's conduct and the severity of the injuries. Consistent with BWS testimony, the jury would surely believe she was just covering up for appellant. But if evidence of the Sec. 5150 hold and Vanessa's undiagnosed mental problems had been admitted, the jury very well could have determined that Vanessa really did not know what happened or was making everything up.

Any additional evidence tending to cast further doubt on Vanessa's credibility and calling into question her ability to observe, remember, and relate what was relevant would have redounded to appellant's benefit. The jury might have recieved significantly different impression of [Vanessa's] credibility had... counsel been permitted to pursue his proposed line of cross-examination." The fact that Vanessa, or anyone else through whom appellant would have sought to present the evidence, was not a psychiatrist went only to the weight of the evidence, not its admissability. Evidence that Vanessa had psychiatric problems would have provided appellant powerful evidence with which to attack her damaging testimony. The trial court erred by excluding the requested inquiry.

-12-

## Motion to Stay

Varelas    Jose    luis    #F-11094

I respectfully ask the United States Northern District Court to use its discretion to stay this federal Habeas Corpus petition containing only exhausted claims to give this petitioner time to exhaust several newly-discovered claims in state court. I am filing this initial petition for the purpose of meeting the AEDPA's statute of limitations. I want to ask the court to grant me permission to amend this originally filed federal petition after I have sought & obtained counsel to help litigate and exhaust the several newly discovered claims in state court.

These newly-discovered claims are very complex and pertain to medical and psychiatric issues which are beyond my knowledge and understanding. Furthermore I believe these claims are primarily federal in nature. I do not want to lose my chance of presenting these issues in a federal court.

I respectfully ask the court to please hold these exhausted claims in abeyance until I am able to exhaust my newly discovered (unexhausted) claims in the state courts. Please grant this motion to stay.

I do declare the following to be true and correct under penalty of perjury.

Signed: _Jose luis Varelas_    Date: 7-1-08

DECLARATION OF SERVICE BY MAIL

I, the undersigned, declare the following:
I am over 18 years of age, and a party to the within action.
My address is:  HA3L-38L CSP Cocoran
P.O Box 3476
Cocoran, ca, 93212

On 7-10-71, I served a copy of the attached
Federal habeas corpus petion

On the below-named persons by placing a true copy thereof in envelope addressed as follows, with first class postage thereon fully prepaid, and delivering the sealed envelopes, according to the procedures prescribed for sending legal mail, to the proper institutional official for deposit in the United States mail at Corcoran, in the County of Kings, California.

United States District Court
Northern District of California
450 Golden Gate Ave
San Francisco, CA, 94102

Executed under penalty of perjury this 10th Thursday day of July 10, 2008, at Corcoran, California.

_____
DECLARANT

LEGAL MAIL

RECEIVED
JUL 1 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

United STATES District court
Northern District of California
450 GoldenGate Ave.
San Francisco, CA.
94102

CORCORAN STATE PRISON



Hasler
$02.10?
07/14/2008
US POSTAGE

*[signatures and date]*